```
                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: SA CR 02-204 ABC |
| Plaintiff-Respondent, | ) | |
| v. | ) | ORDER DENYING SECTION 2255 MOTION |
| LEONARD WASHINGTON, | ) | |
| Defendant-Petitioner. | ) | |

On April 18, 2008, Petitioner Leonard Washington ("Petitioner") filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"). Thereafter, on August 16, 2008, appointed counsel filed a Memorandum of Law on Petitioner's behalf. The Government filed an Opposition on September 8, 2008. A Reply was due by September 15, 2008 but none was filed. Upon consideration of the parties' papers and the applicable law, Petitioner's motion is hereby **DENIED**.

### I. BACKGROUND

On September 12, 2003, Petitioner pled guilty to an indictment charging Petitioner and his co-conspirators with three counts relating

to bank robbery.  (CR 43.)[1]  Thereafter, Petitioner was sentenced to 154 months in prison, five years of supervised release, and a special assessment of $300.  (CR 69.)  Petitioner did not appeal.

On April 12, 2008, Petitioner filed the instant Motion for Reduction of Sentence, ostensibly pursuant to 28 U.S.C. § 3582(c)(2). Petitioner filed the motion pro se.

Upon reviewing Petitioner's Motion and the Government's opposition, the Court determined that insofar as Petitioner was seeking relief under 18 U.S.C. § 3582(c)(2), based on Amendment 599 of the Sentencing Commission Guidelines, his Motion failed because section 3582(c)(2) did not apply to Petitioner's situation.  The Court explained its reasoning in an October 17, 2008 minute order.

The Court also determined that although the statute Petitioner invoked in his Motion was inapplicable, Petitioner nevertheless sought to challenge his conviction and sentence.  As such, recognizing that "[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention," Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000), the Court determined that the appropriate procedure was to construe the Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  The Court also gave Petitioner a warning, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), that re-characterization of his filing as a section 2255 motion would mean that any subsequent section 2255 motion would be subject to the restrictions on "second or successive" section 2255 motions.  Petitioner was given until November 3, 2008, to withdraw his Motion or to amend it so that it includes all

---

[1] "CR" refers to the Clerk's Record in SA CR 02-204-ABC, and is followed by the document control number.

1 of his section 2255 claims, and was also advised that his failure to
2 respond by that deadline would be construed as consent to this Court's
3 adjudication of his present Motion, as filed, as a Motion to Vacate,
4 Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  As of the date
5 of this Order, Petitioner has neither withdrawn his Motion nor filed
6 amended or supplemental papers.  Accordingly, the Court will
7 adjudicate Petitioner's filing as a section 2255 motion as indicated.

**II. DISCUSSION**

9     In its October 17, 2008 minute order, the Court explained why
10 Petitioner's Motion fails insofar as it seeks relief under 18 U.S.C. §
11 3582(c)(2); the Court will not repeat that discussion here, and
12 therefore will address the Motion under section 2255 only.
13     A motion by a federal prisoner for post-conviction relief under
14 28 U.S.C. § 2255 is subject to a one-year time limitation that
15 generally runs from "the date on which the judgment of conviction
16 becomes final."  28 U.S.C. § 2255.  The Supreme Court has held that a
17 conviction is final in the context of habeas review when "a judgment
18 of conviction has been rendered, the availability of appeal exhausted,
19 and the time for a petition for certiorari elapsed or a petition for
20 certiorari finally denied."  Griffith v. Kentucky, 479 U.S. 314, 321
21 n.6 (1987).  In this case, Petitioner did not appeal this Court's
22 judgment.  That judgment was entered on February 4, 2008.  In such
23 instances – when a defendant does not seek an appeal of his conviction
24 – the conviction becomes final once the period in which to file the
25 notice of appeal expires, that is, 10 days after the entry of
26 judgment.  See Fed. R. App. P. 4(b); United States v. Schwartz, 274
27 F.3d 1220, 1223 (9th Cir. 2000).  Petitioner's conviction therefore
28 became final on February 18, 2003, 10 days (excluding Saturdays,

Sundays and legal holidays) after the February 4, 2008 entry of this Court's judgment. Defendant did not file the instant action, however, until April 18, 2008 – more than five years after his conviction became final. Accordingly, his motion is time-barred and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion under § 2255 is **DENIED.**

**DATED:    November 13 , 2008**

_____

**AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE**

4